UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JAYLEN S. LEE,** | **2:25-CV-12586-TGB-EAS** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | **ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF NO. 16),** |
| **JAGUAR LAND ROVER NORTH AMERICA, LLC,** | **ADOPTING REPORT AND RECOMMENDATION (ECF NO. 15)** |
| Defendant. | **AND SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE** |

Plaintiff Jaylen S. Lee, proceeding pro se, brought this lawsuit against Defendant Jaguar Land Rover North America, LLC ("Jaguar Land Rover") asserting state law claims relating to a used Jaguar vehicle he purchased from non-party Road Runner Auto Sales in Wayne County, Michigan. ECF No. 1. This Court granted Lee's application to proceed in forma pauperis and referred this case to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings. ECF Nos. 5, 12. On October 21, 2025, Magistrate Judge Stafford issued a Report and Recommendation recommending that Lee's Complaint be summarily dismissed without prejudice for lack of subject matter jurisdiction. ECF No. 15. Lee filed an objection to Magistrate Judge Stafford's Report and Recommendation, ECF No. 16, to which Jaguar Land Rover responded. ECF No. 17.

For the reasons that follow, Lee's objection will be **OVERRULED**, Magistrate Judge Stafford's Report and Recommendation will be **ACCEPTED**, and Lee's Complaint will be **DISMISSED WITHOUT PREJUDICE.**

## I.     BACKGROUND

Lee alleges that on December 2, 2023, he purchased a used 2017 Jaguar F-pace sport equipped vehicle (the "Vehicle") equipped with a diesel engine from Road Runner Auto Sales ("Road Runner") in Wayne County, Michigan. Complaint ¶ 5, ECF No. 1. Lee alleges that the Vehicle had been part of a "Buyback" or repurchase program by Jaguar Land Rover in or around 2017 or 2018 because of alleged defects in the vehicle, and that Jaguar Land Rover then put the Vehicle "back on the market" for resale through a Jaguar dealership, before it eventually was sold to Lee by Road Runner. *Id.* ¶¶ 6–7.

Lee asserts that the Vehicle began exhibiting defects shortly after he purchased it. *Id.* ¶ 5. He brought the Vehicle in for repairs a number of times, including to a Land Rover/Jaguar dealership. *Id.* ¶¶ 5, 7–9, 12. Lee alleges that the cost of the repairs totals $8,894.07. *Id.* Lee asserts that Jaguar Land Rover eventually offered Lee an Owner Loyalty Certificate for a $675.00 credit to be used on future repairs or services. *Id.* ¶ 10. In 2024, Lee sued Road Runner in a federal court in this District. That case was subsequently resolved when the parties "came to [a] settlement agreement." *Id.* ¶ 5.

On August 19, 2025, Lee, proceeding in forma pauperis, brought this lawsuit against Jaguar Land Rover, asserting three state law claims: (1) violations of the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.903; (2) fraudulent omission; and (3) unjust enrichment. *Id.* ¶¶ 17–28. Lee seeks reimbursement for incurred expenses, including vehicle repairs, towing charges, and vehicle rentals, credit damages and restitution, compensatory, exemplary, and statutory damages, and full reimbursement for the cost of the Vehicle. *Id.* PageID.12–13.

After the Court granted Lee's application to proceed as a pauper, ECF No. 5, and Jaguar Land Rover filed its Answer to the Complaint, ECF No. 10, this Court referred this matter to Magistrate Judge Stafford for all pretrial proceedings. ECF No. 12.

Magistrate Judge Stafford then entered a Report and Recommendation to dismiss Lee's Complaint for lack of subject matter jurisdiction. ECF No. 15. Judge Stafford stated that Lee asserts only state law claims, and thus fails to assert federal question jurisdiction, and that there is no diversity jurisdiction because Lee fails to plead there is complete diversity between the parties or that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* PageID.60–61. The Report and Recommendation ("R&R") states that Lee identifies himself as a "Michigan resident," but fails to allege the state of his citizenship, and also fails to allege the citizenship of the members (or sub-members) of Jaguar Land Rover. *Id.* The R&R further notes that in

his Complaint Lee only alleges that the value of his claims exceeds "$7,000 exclusive of interest and costs," which is "well below the $75,000 [amount-in-controversy] requirements of § 1332(a)." *Id.* (citing Complaint, ECF No. 1, PageID.7).

Lee filed a timely objection to the R&R. He argues that he sufficiently pleaded claims and damages to meet the $75,000 amount in controversy requirement in his "Prayer for Relief" seeking reimbursement of all expenses incurred, credit damages and restitution, compensatory, exemplary, and statutory damages, and "[f]ull reimbursement" of the Vehicle. ECF No. 16.

Jaguar Land Rover filed a response to Lee's objection. ECF No. 17. Jaguar Land Rover agrees with the R&R's conclusion that the amount in controversy in this case "falls far short of the required sum or value of $75,000, exclusive of interest and costs." *Id.* PageID.69.

## II. LEGAL STANDARD

This Court must review *de novo* the parts of a Magistrate Judge's Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C). But the Court "need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452 (N.D. Ohio 2012) (*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829

4

(6th Cir. 2007). General objections to a Magistrate Judge's determination "without explaining the source of the error" have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general objections "waste judicial resources rather than sav[e] them," because they "effectively duplicate[ ]" the "functions of the district court … as both the magistrate and the district court perform identical tasks"). Similarly, "objections that merely restate arguments previously raised and considered [by the Magistrate Judge] do not require the Court to consider them." *Young v. Jindal*, No. 21-12170, 2023 WL 8190689, at *1 (E.D. Mich. Nov. 27, 2023) (Drain, J.); *see also Vasconez v. Langston Companies, Inc.*, No. 2:20-cv-02160, 2021 WL 3124959, at *1 (W.D. Tenn. July 23, 2021) ("[W]here a party's objections are simply a repetition of the arguments he or she made to the magistrate judge, a *de novo* review is not warranted."). And, "[p]arties may not 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R." *Lewis v. Sole Law, PLLC*, 629 F. Supp. 3d 731, 734 (E.D. Mich. 2022) (Ludington, J.) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)), *aff'd*, No. 22-1918, 2023 WL 11018147 (6th Cir. Nov. 17, 2023).

The district court will make a "*de novo* determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1)(C). "De novo" means that the court will consider the issues as

if for the first time, without giving any particular deference to the prior opinion. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where neither party objects to the report, the district court is not obligated to independently review the record. *See Thomas*, 474 U.S. at 149–52.

### III.   DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal court jurisdiction is limited to cases that raise a colorable claim under the United States Constitution or a law of the United States under 28 U.S.C. § 1332 ("federal question jurisdiction"), *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006), or where complete diversity of citizenship exists—that is, where each party is a citizen of a different state—and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" ("diversity jurisdiction"). 28 U.S.C. § 1332(a).

Lee's Complaint asserts only state law claims and thus does not raise a federal question. *See* ECF No. 1. He therefore must establish diversity jurisdiction to bring suit in this Court. As the party asserting diversity jurisdiction, Lee bears the burden of establishing complete diversity of the parties and an amount in controversy greater than $75,000. *Kokkonen*, 511 U.S. at 377; 28 U.S.C. § 1332.

The Magistrate Judge found that Lee failed to properly establish complete diversity of the parties because he failed to properly allege his or Jaguar Land Rover's citizenship. ECF No. 15, PageID.61. The Magistrate Judge stated that Lee merely identified himself as a "Michigan resident," but that "residence" and "citizenship" are "wholly different things," and when the parties "allege residence but not citizenship, the court must dismiss the suit." *Id.* (quoting *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (citation omitted)). The Magistrate Judge further stated that Lee alleged only that Jaguar Land Rover is a "limited liability company organized under the laws of the State of Delaware." *Id.* (citing ECF No. 1, PageID.7). However, because LLCs "have the citizenship of each of their members and submembers … when an LLC is a party in a diversity action, the court must know the citizenship of each member and sub-member." *Akno 1010 Mkt. St. St. Louis, Mo., LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). The Magistrate Judge found that because Lee failed to properly identify his or Jaguar Land Rover's citizenship, his Complaint fails to allege diversity jurisdiction. ECF No. 15, PageID.61.

Lee did not object to or otherwise address this finding, or attempt to explain or cure these pleading deficiencies, or request leave to do so. *See* ECF No. 16. The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *See Thomas*, 474 U.S. at 149; *see also Ivey v. Wilson*, 832 F.2d 950, (6th Cir.

1987) (explaining that where a party fails to file "timely objections" to a report and recommendation, the court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). Accordingly, the Magistrate Judge's recommendation that Lee's Complaint fails to establish diversity jurisdiction could be accepted on this basis.

The Magistrate Judge further found that Lee's Complaint fails to meet the amount-in-controversy requirement for diversity jurisdiction because he alleges in his Complaint that the value of his claims "exceed the sum value of $7,000 exclusive of interests and costs," which is far short of the $75,000 jurisdictional amount in controversy. ECF No. 15, PageID.60–61 (citing ECF No. 1, PageID.7). In his objection to the R&R, Lee only reasserts the "Prayer for relief" allegations in his Complaint as supporting the amount-in-controversy requirement. *See* ECF No. 16, PageID.65–66. He otherwise does not explain or contend how he meets that requirement for diversity jurisdiction. No where in his Complaint does he assert that the amount in controversy in this case is greater than $75,000. Instead, he alleges only that "[t]he claims of the individual exceed the sum value of $7,000 exclusive of interests and costs." Complaint ¶ 15, ECF No. 1.

The Court must "consider the amount alleged in a complaint, and not dismiss a complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that the plaintiff in good faith cannot claim

the jurisdictional amount." *Charvat v. NMP, LLC*, 656 F.3d 440, 447 (6th Cir. 2011) (citation omitted). In his Complaint, Lee claims out-of-pocket expenses for repairs and towing totaling $8,984.07. He also seeks reimbursement for the Vehicle, although he does not state what that value is. However, Lee alleged in his prior suit against Road Runner that the purchase price of the Vehicle was $18,995.00. *See Lee v. Road Runner Auto Sales, Inc.*, Case No. 24-10258, ECF No. 5, PageID.17. Those two expenses total $27,889.07, a figure still far below the $75,000 jurisdictional amount. While Lee conclusorily refers to the cost of "ride shares" or "vehicle rentals" in passing in his Complaint, he provides no factual support or specific allegation as to the amount for those alleged costs. In any event, those expenses are certainly not enough to bridge the over $47,000 amount-in-controversy gap. *See Merritt v. Performance First*, No. 1:23-cv-11714, 2024 WL 3935421, at *4 (E.D. Mich. Aug. 26, 2024) (Ludington, J.) (plaintiff's claim that speculative rental car costs can bridge the amount-in-controversy gap is implausible).

Lee otherwise fails to meet his burden to explain how he can in good faith close the over $47,000.00 gap between his claimed damages and the jurisdictional threshold. He fails to provide any allegations regarding or supporting a claim for "credit damages and restitution" or for any other damages other than repair expenses. The Complaint contains no allegations supporting a good faith claim for additional "compensatory, exemplary, and statutory damages" supporting over $47,000 in damages.

The mere "possibility" of such damages is insufficient to prove the amount in controversy is satisfied. *See McAtee v. Audubon Country Club*, No. 3:21-CV-345-RGJ, 2021 WL 4594668, at *2 (W.D. Ky. Oct. 6, 2021) ("Even construed liberally, the complaint contains no facts whatsoever to support the requisite $75,000 amount in controversy."); *Moore v. Council*, No. CV 18-105-DLB, 2018 WL 3150677, at *4–5 (E.D. Ky. June 27, 2018) ("Although Plaintiff's Complaint seeks compensatory damages … and punitive damages … his allegations fail to support such a request and suggest that his claim for damages is merely delusional, rather than a request made in good faith."); *Tiger v. Pynkala*, No. 14-1212, 2014 WL 5502405, at *14 n.11 (W.D. Tenn. Oct. 30, 2014) (finding that the plaintiff failed to meet her burden of pleading diversity jurisdiction where she failed to "present clear allegations" that the amount in controversy exceeded $75,000). Nowhere in the Complaint does Lee allege any facts supporting a claim that he suffered any non-economic damages as a result of Jaguar Land Rover's conduct.

Accordingly, to the extent Lee argues that Judge Stafford erred in concluding that the Complaint does not satisfy the amount-in-controversy requirement to invoke diversity jurisdiction, Lee's objection will be overruled. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (Cleland, J.) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before," is improper). It appears to

10

a legal certainty that Lee's claims against Jaguar Land Rover do not exceed the $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332(a). Consequently, the Court lacks jurisdiction the hear this complaint.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 16, is **OVERRULED**.

It is **FURTHER ORDERED** that Magistrate Judge Stafford's Report and Recommendation, ECF No. 15, is **ACCEPTED AND ADOPTED**.

It is **FURTHER ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**. A complaint that is dismissed without prejudice may to re-filed if the defects that caused the dismissal can be remedied. In this case, Lee could either attempt to file his case in state court, which would have jurisdiction, or he would need to properly plead the elements of diversity jurisdiction.

**IT IS SO ORDERED.**

Dated: June 1, 2026                /s/Terrence G. Berg
                                                  HON. TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

11